# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR OSWALDO GONZALEZ-CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, et al.,<br><br>Respondents. | Case No. 2:21-cv-00144-RFB-DJA<br><br>**ORDER** |

Petitioner Oscar Oswaldo Gonzalez-Castillo, a federal immigration detainee, has filed a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2241, seeking review of his immigration proceedings. This habeas matter is before the Court on Gonzalez-Castillo's Motion and Declaration to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) as well as initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, Gonzalez-Castillo's petition is dismissed without prejudice as duplicative.

Gonzalez-Castillo is a native and citizen of El Salvador. ECF No. 1-1 at 4. He was taken into custody by the U.S. Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security ("DHS") in January 2020. Id. at 5–6. Gonzalez-Castillo applied for asylum and withholding of removal, but an immigration judge ("IJ") denied his request. Id. at 6. The petition alleges that the IJ's decision is clearly erroneous and Gonzalez-Castillo has appealed the decision to the Board of Immigration Appeals ("BIA"). Id. Gonzalez-Castillo further alleges that DHS has violated the Immigration and Nationality Act, and the Eighth Amendment and Due Process Clause of the Unites States Constitution by refusing to release him on bond. Id.

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts. Gonzalez-Castillo filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

response unless it "plainly appears" that the petitioner is not entitled to relief. Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). As a general matter, duplicative litigation is subject to dismissal under 28 U.S.C § 1915. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming that duplicative litigation is "an independent ground for dismissal"); Hernandez v. Denton, 861 F.2d 1421, 1426 (9th Cir. 1988). In determining whether a later-filed action is duplicative, the court examines "whether the causes of action and relief sought, as well as the parties or privities to the action, are the same." Adams v. California, 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008). Dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation." Adams, 487 F.3d at 692–93.

Court records show that Gonzalez-Castillo filed an identical petition in an earlier case, Gonzalez-Castillo v. Barr, 2:21-cv-00140-KJD-EJY, and that petition is currently pending before a different district judge. He mailed one petition to the courthouse in Las Vegas and a duplicative petition to the Reno courthouse. Compare 2:21-cv-00140-KJD-EJY, ECF No. 1 at 10, with 2:21-cv-00144-RFB-DJA, ECF No. 1-4. The petition in this case is therefore duplicative of that already pending petition and serves no legitimate purpose. Any claims Gonzalez-Castillo wishes to pursue regarding his immigration detention must be asserted, if at all, via the petition in Case No. 2:21-cv-00140-KJD-EJY. The Court thus dismisses the instant petition without prejudice as duplicative.

**IT IS THEREFORE ORDERED:**

1. Petitioner Oscar Oswaldo Gonzalez-Castillo's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE as duplicative.
2. A certificate of appealability is DENIED, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

///

3. Petitioner's Motion and Declaration to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) is DENIED as moot.

4. The Clerk of Court is instructed to ENTER FINAL JUDGMENT, dismissing this action without prejudice, and CLOSE THIS CASE.

DATED this 3rd day of February, 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE